Molly T. Zapala (SBN 245985)
Email:  mzapala@reedsmith.com
Stella Y. Kim (SBN 256774)
Email:  skim@reedsmith.com
Sara J. Quinto (SBN 261369)
Email:  squinto-seibert@reedsmith.com
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA  94105-3659
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269

Attorneys for Defendant
Bank of America, N.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MINA HA, an individual,<br><br>    Plaintiff,<br><br>  vs.<br><br>BANK OF AMERICA, N.A., a national association; BANK OF NEW YORK, MELLON, a national association; RESURGENT CAPITAL SERVICES, L.P., a business entity; and Does 1 through 100, inclusive,<br><br>    Defendants. | Case No. 5:14-cv-00120-PSG<br><br>**DEFENDANT BANK OF AMERICA, N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:  March 25, 2014<br>Time:  10:00 a.m.<br>Place:  Courtroom 5—Fourth Floor<br>Compl. Filed:  January 8, 2014<br><br>Honorable Paul Singh Grewal<br><br>*[Filed concurrently with Bank of America, N.A.'s Request for Judicial Notice; and [Proposed] Order and Judgment of Dismissal]* |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   **PLEASE TAKE NOTICE** that on March 25, 2014 at 10:00 a.m., or as soon thereafter as the

2   matter may be heard, in Courtroom 5 of the U.S. District Court, Northern District of California, San

3   Jose Division, located at 280 South 1st Street, San Jose, California 95113, 4th Floor, Defendant

4   Bank of America, N.A. ("BANA") will and hereby does move for an order dismissing each of the

5   claims asserted in the Complaint of Plaintiff Mina Ha ("Plaintiff") against BANA pursuant to

6   Federal Rule of Civil Procedure 12(b)(6).

7   BANA requests that the *lis pendens* recorded against real property commonly known as

8   20972 Greenleaf Drive, Cupertino, California 95014 be expunged.

9   This Motion is based on this Notice, the Memorandum of Points and Authorities supporting

10  this motion, Plaintiff's Complaint and the pleadings on file with the Court, all matters of which this

11  Court may property take judicial notice, and any other evidence or oral argument that the Court may

12  permit.

13  DATED:  February 3, 2014.

14  REED SMITH LLP

15

16  By: _____

17  Sara J. Quinto
    Attorney for Defendant Bank of America, N.A.

18

19

20

21

22

23

24

25

26

27

28

BANK OF AMERICA, N.A.'S NOTICE OF MOTION & MOTION TO DISMISS COMPLAINT
Case No. 5:14-cv-00120-PSG

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................ 1

II. FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY ........................... 2

III. LEGAL STANDARD ......................................................................................... 4

IV. LEGAL ARGUMENT ......................................................................................... 5

    A. Plaintiff Fails To Allege Facts Showing An Agency Relationship Between BANA And Resurgent ........................................................................ 5

    B. Plaintiff Fails To Allege BANA Violated Civil Code Sections 2924 and 2923.5 .................................................................................................... 7

        1. Plaintiff Does Not Allege Any Facts to Show BANA Violated Section 2924f(b)(4) by Scheduling A Foreclosure Sale In December 2013 ......................................................................... 7

        2. Plaintiff's Performance Under The DOT Was Not Excused And As A Result Plaintiff Cannot Show BANA Violated Section 2924 .................... 8

        3. Plaintiff's Own Allegations Belie Her Contention That BANA Violated Section 2923.5 ........................................................... 9

        4. Plaintiff Fails To Allege Prejudice As A Result From Any Non-Compliance With Section 2923.5 ....................................... 11

    C. Plaintiff Fails To Allege A Violation Of The Homeowners Bill Of Rights ............. 11

        1. Plaintiff Cannot Show That BANA Engaged In Dual Tracking ................... 12

        2. Plaintiff Cannot Allege A Claim For Violation Of Section 2923.7 ............. 13

    D. Plaintiff Fails To Plead A Cause Of Action For Breach Of The Implied Covenant ........................................................................................ 14

    E. Plaintiff Fails To State A Cause Of Action For Violation Of The UCL ................. 16

        1. Plaintiff Lacks Standing To Bring Her UCL Claim Against BANA............. 16

        2. Plaintiff Fails To Allege BANA Engaged In Any Wrongful Conduct ........................................................................................ 17

V. CONCLUSION .................................................................................................. 18

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1

## <u>TABLE OF AUTHORITIES</u>

2

**Cases**

3
*Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.*,
  988 F.2d 1157 (Fed. Cir. 1993) ................................................................................ 4
4
*Anderson v. Angelone*,
5
  86 F.3d 932 (9th Cir. 1996) ...................................................................................... 5
6
*April Enter., Inc. v. KTTV*,
  147 Cal. App. 3d 805 (1983) ................................................................................... 15
7
*Ashcroft v. Iqbal*,
8
  129 S. Ct. 1937 (2009) .............................................................................................. 4
*Bell Atlantic Corp. v. Twombly*,
9
  550 U.S. 544 (2007) .................................................................................................. 4
10
*Branch v. Tunnell*,
  14 F.3d 449(9th Cir. 1994) ....................................................................................... 5
11
*Chabner v. United Omaha Life Ins. Co.*,
12
  225 F.3d 1042 (9th Cir. 2000) ................................................................................ 17
13
*Champlaie v. BAC Home Loans Servicing*,
  706 F.Supp.2d 1029 (E.D. Cal. 2009) ...................................................................... 5
14
*Clegg v. Cult Awareness Network*,
  18 F.3d 752 (9th Cir. 1994) ...................................................................................... 4
15
16
*Dumas v. Kipp*,
  90 F.3d 386 (9th Cir. 1996) ...................................................................................... 5
17
*Galbraith v. County of Santa Clara*,
  307 F.3d 1119 (9th Cir. 2002) .................................................................................. 5
18
*Hutchful v. Wells Fargo Bank, N.A.*,
19
  471 Fed. Appx. 693 (9th Cir. 2012)........................................................................ 10
20
*Ileto v. Glock Inc.*,
  349 F.3d 1191 (9th Cir. 2003) .................................................................................. 4
21
*In re Tobacco II Cases*,
22
  46 Cal. 4th 298 (2009) ............................................................................................ 18
23
*Jenkins v. JP Morgan Chase Bank, N.A.*,
  216 Cal. App. 4th 497 .............................................................................................. 17
24
*Lomely v. JP Morgan Chase Bank, N.A.*,
  2012 WL 4123403 (N.D. Cal.) ......................................................................... 10, 11
25
*McClain v. Octagon Plaza, LLC*,
26
  159 Cal. App. 4th 784 (2008) .................................................................................. 15
27
*McGlinchy v. Shell Chem. Co.*,
  845 F.2d 802 (9th Cir. 1988) .................................................................................... 4
28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

BANK OF AMERICA, N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT
Case No. 5:14-cv-00120-PSG

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

*Navarro v. Block*,
     250 F. 3d 729 (9th Cir. 2001) ........................................................................ 4

*Neitzke v. Williams*,
     490 U.S. 319 (1989)......................................................................................... 4

*Pantoja v. Countrywide Home Loans, Inc.*,
     640 F. Supp. 2d 1177 (N.D. Cal. 2009) ........................................................ 11

*R&B Auto Ctr., Inc. v. Farmers Group, Inc.*,
     140 Cal. App. 4th 327 (2006) ........................................................................ 16

*Robertson v. Dean Witter Reynolds, Inc.*,
     749 F.2d 530 (9th Cir. 1984) ........................................................................... 4

*Rosenfeld v. JPMorgan Chase Bank, N.A.*,
     732 F.Supp.2d 952 (N.D. Cal. 2010) ............................................................. 15

*Schulz v. Neovi Data Corp.*,
     152 Cal. App. 4th 86 (2007) .......................................................................... 16

*Schwartz v. KPMG LLP*,
     476 F.3d 756 (9th Cir. 2007) ........................................................................... 5

*Scripps Clinic v. Super. Ct.*,
     108 Cal. App. 4th 917 (2003) ........................................................................ 18

*Yanchor v. Kagan*,
     22 Cal. App. 3d 544 (1971) ............................................................................. 6

**Statutes**

Cal. Bus. & Prof. Code §17204 ............................................................................ 16

Cal. Civ. Code § 1511.............................................................................................. 8

Cal. Civ. Code § 2295 ............................................................................................. 5

Cal. Civ. Code § 2299 ............................................................................................. 5

Cal. Civ. Code § 2300 ............................................................................................. 5

Cal. Civ. Code § 2317 ............................................................................................. 6

Cal. Civ. Code § 2923.5(a)(1) ............................................................................... 10

Cal. Civ. Code § 2923.5(a)(2) ............................................................................... 10

Cal. Civ. Code § 2923.5(g) .................................................................................... 10

Cal. Civ. Code § 2923.6(c)(1) ............................................................................... 12

Cal. Civ. Code § 2923.7(a) .................................................................................... 13

Cal. Civ. Code § 2923.7(b)(3) ............................................................................... 14

Cal. Civ. Code § 2923.7(e) .................................................................................... 14

**Other Authorities**

1 B.E. Witkin, Summary of Cal. Law, Contracts, § 798 (10th ed.)...................... 15

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

*Over seven years ago*, Plaintiff Mina Ha ("Plaintiff") secured a $1,304,000 loan to refinance real property in Cupertino, California.   In or about September 2008, Plaintiff admits she defaulted on her loan obligations.  However, Plaintiff contends she stopped making her mortgage payments because she was allegedly "instructed" by Defendant Bank of America, N.A. ("BANA") to do so in order to "get" a loan modification.  Plaintiff acknowledges she was reviewed by BANA for a loan modification and subsequently *denied twice for a loan modification* due to sufficient income. Plaintiff concedes that in May 2013 the servicing of her loan was transferred to Defendant Resurgent Capital Services, LP ("Resurgent"), and that from that point forward she communicated directly with Resurgent about a loan modification.

Despite *being in default for more than five years*, Plaintiff brings the instant action against BANA and Resurgent in a last ditch effort to further stall foreclosure proceedings and remain in possession of real property.  However, Plaintiff's four causes of action are not viable against BANA for the following reasons:

- Plaintiff's claim for violation of Civil Code Sections 2924 and 2923.5 fail because BANA did not schedule a foreclosure sale in 2013, Plaintiff admits she defaulted on her loan, and Plaintiff concedes BANA explored foreclosure avoidance options before the commencement of foreclosure proceedings in 2009;

- Plaintiff's claim for violation of the Homeowner Bill of Rights ("HBOR") is not viable against BANA because Plaintiff did not submit a complete loan modification application to BANA in 2013, BANA did not initiate foreclosure proceedings in 2013, and Plaintiff was provided with a single point of contact;

- Plaintiff does not state a cause of action for breach of the implied covenant of good faith and fair dealing ("implied covenant") because she does not deny receiving the benefit of the loan and she cannot point to any provision of the Deed of Trust which excuses her performance under the Deed of Trust; and

- Plaintiff's claim for violation of Business and Professions Code Section 17200 ("UCL") fails because she lacks standing to assert her claim and also does not assert facts showing BANA engaged in any wrongful conduct.

In sum, Plaintiff fails to plead sufficient facts to support each of her causes of action against BANA.  Accordingly, BANA's Motion to Dismiss should be granted, the Complaint dismissed with prejudice, and the *lis pendens* recorded against the property expunged.

## II.    FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

On November 22, 2006, Plaintiff Mina Ha ("Plaintiff") obtained a loan in the amount of $1,304,000 to refinance real property located at 20972 Greenleaf Drive, Cupertino, California (the "Property").  The loan was secured by a Deed of Trust ("DOT") which identified Plaintiff as the borrower, Countrywide Home Loans, Inc. ("CHL") as the lender, ReconTrust Company, N.A. ("ReconTrust") as the trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary.  *See* BANA's Request for Judicial Notice ("RJN"), Exh. A.

Plaintiff concedes that she performed under the obligations of the loan until September 2008. *See* Compl., ¶ 16.  Plaintiff contends that an unnamed BANA representative purportedly told her "that in order to get a loan modification, she would have to miss three months of payments and submit a [loan modification] application."  Compl., ¶ 17.  Plaintiff admits she did not make her mortgage payments from October 2008 through December 2008, and Plaintiff does not allege that she made any payments from that point on.  *See* Compl., ¶ 18.

In January 2009, Plaintiff alleges she submitted a loan modification application to BANA. *See* Compl., ¶18.  Shortly after submitting the application, Plaintiff alleges a BANA Customer Relations Manager ("CRM") told her the application was missing financial documents.  *See* Compl., ¶ 18.  Plaintiff alleges that she "reapplied" for a loan modification in February 2009 but was told again that her "application was incomplete."  *Id*.  Plaintiff alleges that in March 2009 she purportedly resubmitted loan modification documents.  *Id*.

In May 2009, Plaintiff contends that she "received a letter telling her that her application as missing documents."  *Id*.  That same month, on May 1, 2009, ReconTrust recorded a Notice of Default and Election to Sell Under Deed of Trust ("NOD") against the Property.  *See* RJN, Exh. B; Compl., ¶ 20.  The NOD noted that Plaintiff was more than $91,396.43 in arrears on the Loan as of April 30, 2009.  *Id*.

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

While Plaintiff's loan was allegedly being reviewed for modification eligibility, on May 17, 2010, MERS executed a Substitution of Trustee and Assignment of Deed of Trust wherein ReconTrust was confirmed as the trustee under the DOT and MERS issued an assignment to "T 2005-22 Mortgage Pass-Through Certificates, Series 2005-22 As Trustee for the Certificateholders CWALT, Inc., Alternative Loan Trust 2006-HY13, Mortgage Pass-Through Certificates, Series 2006-HY13." *See* RJN, Exh. C.  On May 19, 2010, ReconTrust, as the confirmed trustee under the DOT, recorded a Notice of Trustee's Sale ("NTS1").  *See* RJN, Exh. D.  The NTS1 set a trustee's sale for June 11, 2010 and showed the unpaid balance on the Loan was more than $1,531,749.20.  *Id.* Plaintiff does not allege that the June 11, 2010 trustee's sale proceeded as scheduled.

In October 2011, Plaintiff's loan modification application was denied "on the basis that her and her husband's income was too great to qualify for a loan modification."  Compl., ¶ 23.  Unhappy with the denial, Plaintiff alleges that submitted a new application for a loan modification in October 2011.  *Id.*

On February 14, 2012, MERS issued a Corrective Corporation Assignment of Deed of Trust ("CCADT") making an assignment to "The Bank of New York Mellon FKA The Bank of New York, As Trustee for the Certificatehoolders of the CWALT, Inc., Alternative Loan Trust 2006-HY13, Mortgage Pass-Through Certificates, Series 2006-HY13.  *See* RJN, Exh. E.  That same day, ReconTrust as the duly confirmed trustee recorded a second Notice of Trustee's Sale ("NTS2").  *See* RJN, Exh. F.  The NTS2 set a trustee's sale for March 8, 2012 and reflected an unpaid balance of $1,720,654.53.  *Id.*  Plaintiff does not allege that the March 8, 2012 trustee's sale came to fruition.

In August 2012, Plaintiff was denied for a loan modification for a second time.  *See* Compl., ¶ 25.  Again, unhappy with the decision on her loan modification application, Plaintiff allegedly re-applied for a loan modification in August 2012.  *See* Compl., ¶ 26.  Between August 2012 and February 2013, Plaintiff concedes that the CRM informed her that the "application was incomplete and that she needed to send in additional documents."  *Id.*  On May 1, 2013, Plaintiff again was told her application was incomplete and missing a tax form.  Compl., ¶ 28.  Thereafter, Plaintiff alleges that the servicing of her loan was transferred from BANA to Resurgent.  Compl., ¶ 29.

After the servicing responsibilities were transferred, Plaintiff alleges that she communicated with Resurgent about a loan modification review.  *See* Compl., ¶¶ 29-32.  Plaintiff contends that on "December 24, 2013, [she] received a letter from Resurgent stating that she would not be considered for a loan modification because the Property had been scheduled for a foreclosure on December 23, 2013."  Compl., ¶ 32.

Plaintiff filed her Complaint against BANA, Bank of New York Mellon, and Resurgent on January 8, 2014.  Plaintiff admits that foreclosure activities are on "hold."  Compl., ¶ 34.  Plaintiff concedes the reason she brought this action is because she "believes that Defendants will continue to conduct foreclosure activity against the Property."  *Id.*

### III.   LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint.  *Navarro v. Block*, 250 F. 3d 729, 732 (9th Cir. 2001).  Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory, or where it presents a cognizable legal theory yet fails to plead essential facts to support that theory.  *Neitzke v. Williams*, 490 U.S. 319, 326 (1989); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533–34 (9th Cir. 1984).  The purpose of a Rule 12(b)(6) motion to dismiss is "to allow the court to eliminate actions that are fatally flawed in their legal premises and destined to fail, and thus spare litigants the burdens of unnecessary pretrial and trial activity."  *Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.*, 988 F.2d 1157, 1160 (Fed. Cir. 1993).

While all material allegations must be taken as true, "conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim."  *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988); *Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003).  Indeed, the Supreme Court recently confirmed the requirement that pleadings must contain more than labels and unsupported conclusions, and emphasized that conclusory allegations are not entitled to be assumed true.  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-52 (2009), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A court is not required to "accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged."  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).  In testing the complaint's

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

legal adequacy, the court may consider material properly submitted as part of the complaint or subject to judicial notice. *Schwartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007).

In general, the court may not consider materials other than the facts alleged in the complaint when ruling on a motion to dismiss. *Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996). The court may, however, consider additional materials if the plaintiff has alleged their existence in the complaint and if their authenticity is not disputed. *See Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). When it would be futile to amend the complaint's deficiencies, dismissal may be ordered with prejudice. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996).

## IV.    LEGAL ARGUMENT

### A.    Plaintiff Fails To Allege Facts Showing An Agency Relationship Between BANA And Resurgent

In her Complaint, Plaintiff argues that BANA and Resurgent were in an agency relationship. *See* Compl., ¶ 11. In support of this argument, Plaintiff alleges that BANA and Resurgent were "acting as the agent, servant, employee, partner, co-conspirator, and/or joint venture of each remaining Defendant." *Id.* Plaintiff further alleges that "each Defendant has passed any and all liability to their successor-in-interest, and at all times were acting within the course and scope of such agency, employment, partnership, and/or concern of action." *Id.* Plaintiff's argument appears to be an attempt to attribute the purported activities of BANA and Resurgent onto each other. However, Plaintiff's allegations fail to show any agency relationship between BANA and Resurgent.

To plead agency, a plaintiff must allege that the purported agent is either employed by the principal or that the principal caused the plaintiff to believe the person to be his agent. *See* Cal. Civ. Code §§ 2295, 2299, 2300; *see also Champlaie v. BAC Home Loans Servicing*, 706 F.Supp.2d 1029, 1056-1057 (E.D. Cal. 2009) (finding that Plaintiff's claims did not support a finding of actual or ostensible agency where there were no allegations indicating that lender gave the brokers authority to represent or bind lender, or that lender took some action that would have given plaintiff the impression that such a relationship existed). Moreover, "ostensible authority is such as a principal, intentionally or by want of ordinary care, causes or allows a third person to believe the agent

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   possesses."  Cal. Civ. Code § 2317.  The elements of ostensible agency are (1) a representation by

2   the principal; (2) justifiable reliance thereon by a third person; and (3) change of position or injury

3   resulting from such reliance.  *See Yanchor v. Kagan*, 22 Cal. App. 3d 544, 549 (1971).

4   Here, Plaintiff fails to show that either an actual or ostensible agency relationship existed

5   between BANA and Resurgent.  First, Plaintiff fails to allege that BANA employed Resurgent in

6   order to show the existence of an actual agency relationship.  Instead, Plaintiff merely speculates that

7   "each Defendant was acting as the agent, servant, employee, partner, co-conspirator, **and/or** joint

8   venture of each remaining Defendant." Compl., ¶ 11 (emph. added).  Indeed, Plaintiff's decision to

9   name BANA and Resurgent as separate defendants demonstrates that no employment relationship

10  exists.  Second, Plaintiff also fails to allege that BANA caused her to believe that Resurgent was

11  BANA's agent.  To the contrary, Plaintiff concedes that in May 2013, she received a letter informing

12  her that the "Deed of Trust and Promissory Note had been transferred to BONY and that Resurgent

13  would be the servicer of the Plaintiff's loan."  Compl., ¶ 29.  Moreover, Plaintiff alleges that after

14  May 2013, she communicated directly with Resurgent, not BANA, and submitted a loan

15  modification application to Resurgent.  *See* Compl., ¶¶ 29-31.  Further, Plaintiff alleges that she

16  received a letter from Resurgent, not BANA, about a scheduled foreclosure sale on December 23,

17  2013.  *See* Compl., ¶ 32.  As such, it appears that BANA could not have caused Plaintiff to believe

18  that Resurgent was its agent since Plaintiff admits that she interacted with Resurgent directly

19  beginning in May 2013.

20  Plaintiff also fails to allege the existence of an ostensible agency relationship between BANA

21  and Resurgent because the Complaint is void of any factual allegations showing that BANA made

22  any representation (oral or written) that Resurgent was its agent to Plaintiff.  In fact, Plaintiff alleges

23  that in May 2013, she received a letter stating that "Resurgent would be the servicer of Plaintiff's

24  loan."  Compl., ¶ 29.  Moreover, Plaintiff does not assert any facts to show that she justifiably relied

25  on any purported agency representation by BANA since she contends that beginning in May 2013

26  she solely communicated with Resurgent, not BANA, regarding a purported loan modification

27  review.  *See* Compl., ¶¶ 30-33.  Additionally, Plaintiff fails to assert facts showing that she suffered

28  any injury based on any alleged reliance that BANA and Resurgent were in any purported agency

relationship.  To the extent Plaintiff attempts to argue that her purported injury is facing imminent foreclosure, such an argument falls flat given that Plaintiff also alleges the "foreclosure sale has been placed in 'hold status,'" and thus Plaintiff remains in possession of the Property.  Compl., ¶ 34.

Because Plaintiff fails to assert sufficient facts to plead the existence of either an actual or ostensible agency relationship between BANA and Resurgent, Plaintiff's attempt to impute the alleged conduct of either BANA or Resurgent on to each other must fail and cannot be a basis to support any of her causes of action.

**B.     Plaintiff Fails To Allege BANA Violated Civil Code Sections 2924 and 2923.5**

In her first cause of action, Plaintiff alleges  violation of Civil Code Sections 2924 and 2923.5 against all Defendants.  Plaintiff claims that Defendants violated Section 2924 by purportedly: (1) scheduling a foreclosure sale for December 24, 2013 when there was no current notice of trustee' sale recorded; (2) instituting foreclosure proceedings when Plaintiff was excused from performing under the terms of the loan; and (3) by "overstating the amount of arrears notwithstanding Plaintiff's excused performance" under the terms of the loan.  *See* Compl., ¶¶ 37-39.  Moreover, Plaintiff alleges that Defendants violated Section 2923.5 by failing to contact her to explore foreclosure avoidance options prior to recording the NOD.  *See* Compl., ¶¶ 43-45.  Plaintiff's allegations, however, are not sufficient to show the violation of Sections 2924 and 2923.5.

**1.     Plaintiff Does Not Allege Any Facts to Show BANA Violated Section 2924f(b)(4)
by Scheduling A Foreclosure Sale In December 2013**

First, Plaintiff alleges that BANA purportedly violated Section 2924f(b)(4) when she "received a letter from Defendant Resurgent, stating that the Property would be sold on December 23, 2013" even though "there was no current Notice of Trustee's Sale recorded . . ."  Compl., ¶ 37.  Civil Code section 2924f(b) states, "Before any sale of property can be made under the power of sale contained in any deed of trust . . . notice of the sale thereof shall be given . . . ."  As discussed below, Plaintiff's allegations fall short from showing a violation of Section 2924f(b)(4) by BANA.

Here, Plaintiff's own allegations and the public chain of title contradict her assertion that BANA violated Section 2924f(b)(4).  First, Plaintiff's herself alleges that she received a letter from Resurgent, <u>not</u> BANA, regarding a scheduled sale on December 23, 2013.  *See* Compl., ¶ 32.  To the

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   extent Plaintiff attempts to impute the conduct of Resurgent on BANA through an agency theory,

2   such an attempt is futile as discussed herein.  *See* Section, IV., A, *supra*.  Second, the public chain of

3   title shows that BANA recorded a Notice of Trustee's Sale on May 19, 2010 and February 14, 2012.

4   *See* RJN, Exhs. D, F.  To the extend Plaintiff claims BANA violated Section 2924(b)(4) in recording

5   the 2010 or 2012 Notice of Trustee's Sale, these respective notices contained sale dates of June 11,

6   2010 and March 8, 2012.  *Id*.  Not only were the notices recorded within the required timeframe,

7   Plaintiff also does not allege anywhere in the Complaint that either of these sales were actually

8   conducted.  Since Plaintiff fails to allege that BANA set a foreclosure sale for December 2013,

9   Plaintiff's claim for violation of Section 2924f(b)(4) against BANA must fail.

10          **2.      Plaintiff's Performance Under The DOT Was Not Excused And As A  Result**

11                  **Plaintiff Cannot Show BANA Violated Section 2924**

12          Next, Plaintiff alleges BANA violated Civil Code section 2924 by declaring her in breach of

13   the Deed of Trust, initiating foreclosure proceedings, and recording an NOD which allegedly

14   reflected an "inaccurate amount of arrears . . . inflated with late fees and attorney's fees."  Compl.,

15   ¶¶ 38-39.  In particular, Plaintiff grounds her claim on the argument that under Civil Code Section

16   1511 her performance under the DOT was excused because BANA allegedly "instructed her to stop

17   making mortgage payments in order to obtain a loan modification."  Compl., ¶ 38.  However,

18   Plaintiff's argument that she was excused from performing under the DOT and thus she could not

19   have been in breach of the DOT fails and cannot support her claim for violation of Section 2924.

20          Here, Plaintiff alleges that her performance under the DOT was excused pursuant to Civil

21   Code Section 1511.[1]  Plaintiff's reliance on Section 1511 to allege that she was not in default despite

22   her failure to make mortgage payments starting in October 2008 is misplaced.  *See* Compl., ¶ 16-18.

23   First, the DOT contains explicit language stating that acts of forbearance, including activities of a

24   loan modification, do not waive the right to enforce the terms of the DOT.[2]  Therefore, even if the

25   ─────────────────────

26   [1] Section 1511 provides in pertinent part, "The want of performance of an obligation, or of an offer of performance, in whole or in part, or any delay therein, is excused by the following causes, to the extent to which they operate. … When such performance or offer is prevented or delayed by the act of the creditor, or by the operation of law, even though there may have been a stipulation that this shall not be an excuse."  Cal. Civ. Code § 1511.

27   [2] Paragraph 12 of the Deed of Trust specifically states, "Extension of time for payment or modification of amortization

28   of the sums secured by this Security Instrument granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower.  Lender shall not be

─ 8 ─

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    Plaintiff's loan was in review for a modification, it did not extinguish Plaintiff's obligation to

2    continue making payments on the Loan.  Second, Plaintiff fails to assert any facts to show that

3    BANA somehow prevented Plaintiff from making payments or that BANA rejected Plaintiff's

4    payments.  In fact, Plaintiff admits that even though she was "ready, willing, and able to make her

5    mortgage payments," she failed to do so.  Compl., ¶ 17.

6         Third, to the extent Plaintiff contends that the arrears amount reflected on the NOD was in

7    accurate because her performance under the DOT was excused pursuant to Section 1511, such a

8    contention also fails.  In particular, the DOT, which Plaintiff voluntarily signed, explicitly states that

9    the "Lender may charge Borrower fees for services performed in connection with Borrower's

10   default, for the purpose of protecting Lender's interest in the Property and rights under this Security

11   Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees."

12   RJN, Exh. A, ¶ 14, p.11.  As such, Plaintiff's contention that the NOD somehow reflected "inflated"

13   arrears due to "late fees and attorney's fees" lacks merit because under the terms of the DOT, BANA

14   had the authority to not only proceed with foreclosure following Plaintiff's default, but also include

15   fees in the arrears.  Since, Plaintiff was not excused from performing under the DOT, her claim for

16   violation of Section 2924 by BANA also fails.

17   **3.    Plaintiff's Own Allegations Belie Her Contention That BANA Violated Section**

18        **2923.5**

19        Within her first case of action, Plaintiff also alleges that BANA violated Section 2923.5 by

20   "fail[ing] to contact her to contact Plaintiff in person or by telephone in order to assess [her]

21   financial position and explore options that would avoid foreclosure" prior to the recordation of the

22   May 1, 2009 NOD.  Compl., ¶¶ 43-44.  However, Plaintiff's contention is contradicted by her own

23   allegations.

24

25

26   required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment
     or otherwise modify the amortization of the sums secured by this Security Instrument by reason of any demand made by
27   the original Borrower or Successors in Interest of the Borrower.  Any forbearance by Lender in exercising any right or
     remedy, including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in
28   Interest of Borrower in amounts less than the amount then due, shall not be a waiver of the exercise of any right or
     remedy."  RJN, Exh. A., ¶ 12, p. 10.

1    Section 2923.5 provides, in pertinent part, that before it may record a notice of default to

2  commence the nonjudicial foreclosure process, a lender must contact or attempt to contact the

3  borrower with "due diligence."  *Id*. § 2923.5(a)(1), (a)(2), (g).  Specifically, the lender "shall contact

4  the borrower in person or by telephone in order to assess the borrower's financial situation and

5  explore options for the borrower to avoid foreclosure."  *Id*. § 2923.5(a)(2).  Or at least, the lender

6  shall "satisfy[ ]" certain "due diligence requirements" in an attempt to make such contact.  *Id*. §

7  2923.5(a)(1).[3]

8    Here, Plaintiff alleges that she was in contact with BANA prior to the recordation of the

9  NOD on May 1, 2009.  In particular, Plaintiff alleges that she submitted a loan application in January

10  2009 and February 2009. Compl., ¶ 18.  Moreover, Plaintiff alleges that between March 2009 and

11  April 2009 she was in contact with a CRM to "check on the status of her application."  Compl., ¶ 19.

12  Based on Plaintiff's own allegations she was, in fact, in contact with BANA, exploring foreclosure

13  avoidance options—specifically through a loan modification review.  As such, Plaintiff's assertion

14  that BANA failed to contact her prior to the commencement of foreclosure proceedings is flawed.

15  *See Lomely v. JP Morgan Chase Bank, N.A.*, 2012 WL 4123403 at *5 (N.D. Cal.) (dismissing

16  plaintiff's Section 2923.5 claim without leave to amend because plaintiff alleges "that he had

17  conversations with Chase representatives regarding foreclosure alternatives.  This seems to indicate

18  that Chase complied with the procedures and protections set up by section [2923.5]"); *see also*

19  *Hutchful v. Wells Fargo Bank, N.A.*, 471 Fed. Appx. 693, 694-695 (9th Cir. 2012) (holding that "the

20  district court properly construed the notice requirement of California Civil Code § 2923.5 as having

21  been met by [plaintiff's] extensive discussions with [the lender defendant] regarding loan

22  modification").  Given that Plaintiff's own allegations show that BANA was in contact with Plaintiff

23  regarding foreclosure avoidance options, she fails to show a violation of Section 2923.5 actually

24  occurred, and thus her claim must fails as a matter of law.

25

26  [3] These due diligence requirements include that: (1)A mortgagee, beneficiary, or authorized agent attempt to contact a

27  borrower by sending a first-class letter that includes the toll-free telephone number made available by HUD to find a
HUD-certified housing counseling agency; (2)after the letter has been sent, the mortgagee, beneficiary, or authorized

28  agent shall attempt to contact the borrower by telephone at least three times at different hours and on different days.  See
Cal. Civ. Code § 2923.5(g).

– 10 –

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**4.     Plaintiff Fails To Allege Prejudice As A Result From Any Non- Compliance With Section 2923.5**

Even if Plaintiff had alleged sufficient facts to state a cause of action for violation of Section 2923.5, which she does not, her claim still fails because she does not allege any facts showing she has been prejudiced by any purported violation, which is required.  *See Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1186-87 (N.D. Cal. 2009) ("Courts have rejected claims of deficient notice where no prejudice was suffered. . ."); *Lomely v. JP Morgan Chase Bank, N.A.*, 2012 WL 4123403, *5 (N.D. Cal., 2012) (dismissing plaintiff's Section 2923.5 claim without leave to amend because plaintiff fails to allege any "resulting prejudice").

Here, Plaintiff's challenge to the foreclosure proceedings through the recordation of the 2009 NOD must fail because Plaintiff does not—and cannot—allege that she suffered any prejudice as a result of the alleged procedural defect.  In fact, Plaintiff's own allegations show that BANA was in contact with Plaintiff regarding foreclosure options beginning in January 2009 through May 2013. *See* Compl., ¶¶ 18-29.  Moreover, Plaintiff's own allegations show that she was reviewed for a loan modification and denied twice.  *See* Compl., ¶¶ 23, 25.  Plaintiff also cannot allege prejudice because the Property has not been sold, and she remains in possession of the Property despite not making a single mortgage payment since October 2008, *more than five years ago*.  Without having claimed any prejudice from BANA's alleged failure to contact Plaintiff prior to recording the NOD in 2009, Plaintiff's claim under Section 2923.5 must fail for this additional reason.

**C.     Plaintiff Fails To Allege A Violation Of The Homeowners Bill Of Rights**

In her second cause of action for violation of HBOR, Plaintiff alleges BANA and Resurgent violated Civil Code Section 2923.6(c) by purportedly scheduling a trustee's sale for December 23, 2013 before Plaintiff had received a decision on the loan modification application she submitted on November 19, 2013.  *See* Compl., ¶ 51.  In addition, Plaintiff alleges BANA and Resurgent violated Civil Code Section 2923.7 by reassigning the point of contact from a BANA representative to a Resurgent representative when the servicing of the loan was transferred in June 2013.  *See* Compl., ¶ 53.  As discussed below, Plaintiff fails to allege the BANA violated either Civil Code Sections 2923.6(c) or 2923.7.

– 11 –

### 1.   **Plaintiff Cannot Show That BANA Engaged In Dual Tracking**

In support of her claim that BANA violated Civil Code section 2923.6(c), Plaintiff alleges that on November 19, 2013, she purportedly submitted a "complete loan modification application and was waiting a determination from Defendants."  Compl., ¶ 51.  Before she received a decision on her application, Plaintiff alleges that she received a letter on December 24, 2013, "indicating that Defendants had scheduled a trustee's sale for December 23, 2013."  Compl., ¶ 51.  However, Plaintiff fails to allege facts to show a violation of Section 2923.6(c) by BANA.

Section 2923.6(c) provides that, "If a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's mortgage servicer, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the **complete first lien loan modification application** is pending."  (Emph. added).  Section 2923.6 (h) defines a complete application as "when a borrower has supplied the **mortgage servicer with all documents** required by the mortgage servicer . . . ."  (Emph. added).  Section 2923.6 also states that a "mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale or conduct a trustee's sale until…[t]he mortgage servicer makes a written determination that the borrower is not eligible for a first lien loan modification, and any appeal period…has expired."  Cal. Civ. Code § 2923.6(c)(1).

Here, Plaintiff alleges that BANA supposedly violated Section 2923.6(c) because on "November 19, 2013, [she] submitted a completed loan modification application and was waiting a determination from Defendants" when she "received a letter from **Resurgent**" stating that a foreclosure sale was allegedly set.  Compl., ¶¶ 51, 32 (emph. added).  However, Plaintiff's own allegations show that the alleged loan modification application at issue was submitted to Resurgent, not BANA.  *See* Compl., ¶ 30 ("In June 2013, Plaintiff submitted a timely and complete loan modification to Resurgent.").  Nor could Plaintiff assert such an allegation since she concedes that the servicing of her loan was transferred to Resurgent in May 2013 and that starting around that same time she communicated with Resurgent, not BANA, about the status of her loan modification application.  *See* Compl., ¶¶ 29-32.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   To the extent Plaintiff alleges that Resurgent was in possession of a "completed loan

2   modification application," Plaintiff still fails to allege that her application was "complete" at the time

3   Resurgent allegedly sent her a letter in December 2013.  Compl., ¶ 30.  Plaintiff fails to allege that

4   she supplied Resurgent with "all documents required" by Resurgent, per Section 2923.6(h).  In

5   addition, Plaintiff does not allege that Resurgent recorded a Notice of Trustee's Sale in 2013.  She

6   only claims that Resurgent had sent her a letter.  See id., ¶ 32.  In fact, Plaintiff concedes that

7   "Defendants have not recorded a Notice of Trustee's Sale since February 15, 2012."  Id.,¶ 33.

8   Without alleging that any foreclosure documents have been recorded in 2013, Plaintiff cannot claim

9   a violation Section 2923.6.

10   Moreover, Plaintiff alleges that she received a letter in December 2013 from Resurgent, not

11   BANA, about a scheduled foreclosure sale.  Compl., ¶¶ 30-32.  Plaintiff cannot allege BANA

12   violated Section 2923.6(c) because the public chain of title shows that BANA recorded foreclosure

13   documents in May 2009 (NOD), May 2010 (NTS1), and February 2012 (NTS2).  *See* Compl., ¶ 20;

14   *see also* RJN, Exhs. B,D,F.   Plaintiff's own allegations show that she did not submit a loan

15   modification application to BANA in November 2013 and BANA did not initiate foreclosure

16   proceedings in 2013.  Accordingly, Plaintiff's claim against BANA for violation of Section

17   2923.6(c) must fail and accordingly be dismissed.

18   **2.   Plaintiff Cannot Allege A Claim For Violation Of Section 2923.7**

19   Within her second cause of action, Plaintiff also alleges BANA violated Civil Code section

20   2923.7 because "while [she] was under loan modification review, the servicing of [her] loan was

21   transferred from [BANA] to Resurgent" and her point of contact was "reassigned from Mr. Guevara

22   of [BANA] to Mr. Burger of [Resurgent]."  Compl., ¶ 53.  Plaintiff's claim, however, falls short

23   from stating a cause of action against BANA for violation of Section 2923.7.

24   Civil Code Section 2923.7 states, "Upon request from a borrower who requests a foreclosure

25   prevention alternative, the mortgage servicer shall promptly establish a single point of contact and

26   provide to the borrower one or more direct means of communication with the single point of

27   contact."  Cal. Civ. Code § 2923.7(a).  For purposes of this Section, "single point of contact" means

28   "an individual or team of personnel each of whom has the ability and authority to perform the

– 13 –

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  responsibilities described….”  Cal. Civ. Code § 2923.7(e).  This individual or team is “responsible

2  for... having access to current information and personnel sufficient to timely, accurately, and

3  adequately inform the borrower of the current status of the foreclosure prevention alternative.”  Cal.

4  Civ. Code § 2923.7(b)(3).

5       Here, Plaintiff does not ever allege BANA failed to provide an “individual or team of

6  personnel” in regards to her loan modification application.  Instead, Plaintiff grounds her claim on

7  the allegation that she was provided with a different point of contact when the servicing of the loan

8  was transferred.  *See* Compl., ¶ 53.  Yet, Plaintiff fails to point to any language in Section 2923.7

9  which shows that assignment of a new single point of contact after the servicing of a loan is

10 transferred is somehow prohibited.  In any event, Plaintiff alleges that she was provided with a point

11 of contact with BANA, and then with Resurgent when the servicing of her loan was transferred and

12 that she communicated with the Resurgent contact.  *See* Compl., ¶¶ 29-31.  Moreover, to the extent

13 Plaintiff contends that Mr. Guevara of BANA was not “knowledgeable about Plaintiff’s situation

14 and current status in the alternatives to foreclosure,” such a contention is flawed.  Compl., ¶ 53.

15 Indeed, Plaintiff’s own allegations show that Mr. Guevara “consistently told Plaintiff that her

16 application was incomplete and that she needed to send in additional documents” (Compl., ¶ 26) and

17 that Mr. Guevara provided her with a status on her loan modification application (Compl., ¶¶ 25,

18 27).  Since Plaintiff’s allegations are not sufficient to show a violation by BANA of Section 2923.7,

19 Plaintiff’s cause of action warrants dismissal.

20 **D.    Plaintiff Fails To Plead A Cause Of Action For Breach Of The Implied Covenant**

21       Plaintiff’s third cause of action for breach of the implied covenant against all Defendants is

22 premised on the DOT.  In particular, Plaintiff alleges that Defendants breached Covenant 1 of the

23 DOT in purportedly “interfere[ing] with [her] ability to perform under the [DOT] when Plaintiff’s

24 CRM instructed her to cease making mortgage payments in order to obtain a loan modification.”

25 Compl., ¶¶ 57-58.  Plaintiff further alleges that her “rights to receive the benefits of the contract

26 were frustrated because Defendants interfered with her right to make incremental monthly payments

27 in repayment of that loan.”  Compl., ¶ 60.  These allegations, however, are insufficient to plead a

28 cause of action for breach of the implied covenant.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

The elements necessary to establish a breach of the covenant of good faith and fair dealing are: "(1) the parties entered into a contract; (2) the plaintiff fulfilled his obligations under the contract; (3) any conditions precedent to the defendant's performance occurred; (4) the defendant unfairly interfered with the plaintiff's rights to receive the benefits of the contract; and (5) the plaintiff was harmed by the defendant's conduct." *Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F.Supp.2d 952, 968 (N.D. Cal. 2010). Additionally, the implied covenant ensures that neither party will do anything to deprive the other party of the benefits of a contract. 1 B.E. Witkin, Summary of Cal. Law, Contracts, § 798 (10th ed.). It is limited to ensuring compliance with express contractual terms to which the parties agreed and cannot be used to create additional obligations on the parties. *Id.* § 798; *see also April Enter., Inc. v. KTTV*, 147 Cal. App. 3d 805, 816 (1983). Moreover, "the implied covenant is a supplement to an existing contract, and…does not require parties to negotiate in good faith prior to any agreement." *McClain v. Octagon Plaza, LLC*, 159 Cal. App. 4th 784, 799 (2008).

Here, Plaintiff alleges BANA breached Covenant 1 of the DOT which provides, in part, that "Borrower shall pay when due the principal of, and interest on, the debt evidences by the Note and any repayment charges and late charges under the Note." RJN, Exh. A, ¶ 1, p. 4. However, the express provision referenced by Plaintiff *imposes an obligation on Plaintiff*, not BANA, to repay the loan she obtained. Since Plaintiff concedes that she stopped making her loan payments, Plaintiff, not BANA, breached the DOT. *See* Compl., ¶ 18. To the extent Plaintiff contends that she was somehow "excused" from performing under the contract pursuant to Civil Code Section 1511 (Compl., ¶ 59), such a contention fails as disused herein. *See* Section IV., B.2., *supra*. Moreover, Plaintiff's claim falls short because she does not allege that she was deprived of the benefits from the DOT (i.e. the $1,304,000 loan proceeds to refinance).

Lastly, to the extent Plaintiff premises her claim on the contention that BANA "interfered" with Plaintiff's ability to perform under the DOT, such a contention fails as well. Compl., ¶¶ 58-60. As an initial matter, Plaintiff does not ever allege that BANA somehow "hindered" her ability to make mortgage payments. Plaintiff only claims that she was "told that in order to get a loan modification, she would have to miss three months of payments and submit an application." Compl.

¶ 17.  She does not allege that BANA **prevented** her from making a payment or ever rejected her payments.  In addition, Plaintiff fails to point to any express provision in the DOT which shows that such alleged conduct amounts to breach of the DOT.  In fact, Plaintiff concedes that no such express provision is contained in the DOT.  *See* Compl., ¶ 58 (alleging, "Therefore, **implicit** in the this term is an obligation by Defendants not to hinder Plaintiff's performance or prevent Plaintiff's ability to make payments.") (emph. added).  Since Plaintiff cannot point to any express term in the DOT to support her claim, it appears that Plaintiff's contention amounts to nothing more than an improper attempt create additional obligation under the DOT which is improper and cannot support a claim for breach of the implied covenant.  For the aforementioned reasons, Plaintiff's claim for breach of the implied covenant must fail.

### E.      Plaintiff Fails To State A Cause Of Action For Violation Of The UCL

In support of her fourth cause of action against all Defendants for violation of the UCL, Plaintiff alleges that "Defendants' entire course of dealing with Plaintiff was fraudulent and designed to unlawfully engineer an insurmountable default that would give Defendant . . . authority to foreclose."  Compl., ¶ 65.  Plaintiff further alleges that Defendants' purported violation of Section 2924 and breach of the implied covenant constituted unlawful business practices.  Compl., ¶¶ 67-68.  Despite these contentions, Plaintiff's claim for violation of the UCL falls short and warrants dismissal.

#### 1.      Plaintiff Lacks Standing To Bring Her UCL Claim Against BANA

To have standing to pursue a claim under the UCL, a private plaintiff must allege that she "has suffered **injury in fact** and has lost money or property" as a result of the alleged unfair practices.  Bus. & Prof. Code §17204 (emph. added); *see R&B Auto Ctr., Inc. v. Farmers Group, Inc.*, 140 Cal. App. 4th 327, 360 (2006) (plaintiff must have suffered monetary or property loss to recover under the UCL).  In addition, where a plaintiff alleges a UCL action against multiple defendants, he must allege that he "suffered injury in fact [or] lost money or property as a result of [the alleged] unfair competition" of each defendant.  *See Schulz v. Neovi Data Corp.*, 152 Cal. App. 4th 86, 92 (2007).

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

BANK OF AMERICA, N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT
Case No. 5:14-cv-00120-PSG

1   Here, Plaintiff fails to allege facts showing she has lost money or property as is required to

2   have standing to bring her UCL claim against BANA.  At best, Plaintiff alleges that she is entitled to

3   "actual damages including, . . . loss of money and property including but not limited to losses

4   through overcharges, incurred attorney's fees and costs to save their (sic) home, a loss of reputation

5   and goodwill, destruction of credit, severe emotion distress, loss of appetite, frustration, fear, anger,

6   helplessness, nervousness, anxiety, sleeplessness, sadness, and depression."  Compl., ¶¶ 46; *see also*

7   Compl., ¶¶ 52, 54, 61 (alleging "Defendant's (sic) conduct has caused Plaintiff actual damages,

8   including but not limited to the imminent loss of his (sic) property to foreclosure and destruction of

9   her credit.").  Plaintiff's allegations, however, are insufficient because her alleged "injury" in the

10  form of money, imminent loss of property (not actual loss), costs to save the Property, and purported

11  destruction of credit and reputation are not the direct result of any unfair business practices by

12  BANA, but instead the direct result of Plaintiff's admitted default on her loan obligations.  *See*

13  Compl., ¶ 16; *see also Jenkins v. JP Morgan Chase Bank, N.A.*, 216 Cal. App. 4th 497, 523 (2013

14  (affirming dismissal of UCL claim for lack of standing where "Jenkins's home was subject to

15  nonjudicial foreclosure because of Jenkins's default on her loan, which occurred ***before*** Defendants'

16  alleged wrongful acts, [and thus] Jenkins cannot assert the impending foreclosure of her home (i.e.,

17  her alleged economic injury) was caused by Defendants' wrongful actions.") (emph. added).

18  Moreover, Plaintiff's own allegations show that she has not lost the Property since she contends that

19  any foreclosure sale has "been placed in 'hold status.'"  Compl., ¶ 34.  As such, Plaintiff remains in

20  possession of the Property despite not having made a single loan payment since October 2008.  *See*

21  Compl., ¶ 18.  Since Plaintiff fails to assert facts showing she has lost property or money as a result

22  of any unfair business practices by BANA, her claim fails as a matter of law for lack of standing.

23         **2.     Plaintiff Fails To Allege BANA Engaged In Any Wrongful Conduct**

24         Plaintiff's UCL claim also fails because she does not assert sufficient facts showing that

25  BANA engaged in any wrongful conduct under any of the prongs of the UCL.  Under the "unlawful"

26  prong, the UCL incorporates other laws and treats violations of those laws as unlawful business

27  practices independently actionable under state law.  *Chabner v. United Omaha Life Ins. Co.*, 225

28  F.3d 1042, 1048 (9th Cir. 2000).  Under a "fraud" theory, a plaintiff must show that "members of the

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

– 17 –

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

public are likely to be 'deceived'" by the defendant's practices.  *In re Tobacco II Cases*, 46 Cal. 4th 298, 312 (2009).  "Unfair" conduct in UCL actions must be violative of a public policy "tethered to specific constitutional, statutory, or regulatory provisions."  *Scripps Clinic v. Super. Ct.*, 108 Cal. App. 4th 917, 940 (2003).

Here, Plaintiff cannot satisfy the "unlawful" prong of the UCL because, as discussed herein, she fails to state a single viable cause of action against BANA.  In addition, Plaintiff also fails to establish the "fraud" prong of the UCL because her allegations are limited to alleged conduct relating to a specific loan and property, and does not involve deceptive conduct by BANA towards "members of the public."  *See Compl. generally*.  Plaintiff also fails to allege facts under the "unfair" prong to indicate that BANA's purported actions violated public policy or were "tethered to specific constitutional, statutory, or regulatory provisions."  Indeed, and as discussed herein, Plaintiff fails to show BANA violated Sections 2924, 2923.5, HBOR, or any other statute or provision.  Simply put, Plaintiff's failure to allege that BANA engaged in any wrongful conduct is fatal to her claim.  As such, Plaintiff's UCL claim should be dismissed with prejudice.

## V.    CONCLUSION

In short, Plaintiff's allegations fall short from stating a single cause of action against BANA.  Indeed, Plaintiff's own allegations indicate that she defaulted on her loan, that BANA reviewed her for a loan modification, and that she was denied twice for a modification.  As such, Plaintiff appears to bring her action against BANA for the sole purpose of further delaying foreclosure proceedings despite the fact that she has not made a single payment towards her loan since October 2008.  It is clear that leave to amend would not cure the fundamental flaws with Plaintiff's claims. Accordingly, BANA's Motion to Dismiss should be granted and the Complaint dismissed with prejudice.


DATED:  February 3, 2014                    REED SMITH LLP


                                            By: /s/ Sara J. Quinto
                                                Sara J. Quinto
                                                Attorney for Defendant Bank of America, N.A.