UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MINA HA, <br><br> Plaintiff, <br> v. <br> BANK OF AMERICA, N.A., et al. <br><br> Defendants. | Case No. 5:14-cv-00120-PSG <br><br> **ORDER GRANTING MOTION TO DISMISS** <br><br> **(Re: Docket No. 57)** |

For the third time, this court considers a motion to dismiss filed by Defendant Bank of America, N.A. This court has twice dismissed Plaintiff Mina Ha's claims against BANA.[1] Once again, Ha has failed to allege facts sufficient to support her claims of fraud and unfair business practices. Once again, the court GRANTS BANA's motion to dismiss, this time without leave to amend.

**I.**

Over four complaints in the past year, Ha has asserted various claims against BANA, Bank of New York Mellon and Resurgent Capital Service, L.P.[2] Because this court has previously set

---

[1] *See* Docket Nos. 33, 55.

[2] Pursuant to the parties' stipulation, the court stayed Ha's claims against BNY Mellon and Resurgent pending a decision on Ha's loan modification application. *See* Docket No. 24.

1

Case No. 5:14-cv-00120-PSG
ORDER GRANTING MOTION TO DISMISS

out the facts of this case in substantial detail,[3] the court will proceed directly to the merits of the motion. For the sake of clarity, the court charts the amended pleadings and asserted claims as follows:

| Date | DN | Complaint | Claims Raised |
|---|---|---|---|
| 1.08.14 | 1 | Original Complaint | 1. Violation of California Civil Code §§ 2924 and 2923.5<br>2. Violation of California Civil Code §§ 2923.6 and 2923.7<br>3. Breach of the Implied Covenant of Good Faith and Fair Dealing<br>4. Unfair Competition |
| 2.24.14 | 13 | First Amended Complaint | 1. California Civil Code §§ 2924 and 2923.5<br>2. California Civil Code §§ 2923.6 and 2923.7<br>3. Breach of the Implied Covenant of Good Faith and Fair Dealing<br>4. Unfair Competition |
| 7.16.14 | 36 | Second Amended Complaint | 1. Violation of California Civil Code § 2924<br>2. Violation of California Civil Code § 2923.5<br>3. Violation of California Civil Code § 2924g<br>4. Violation of California Civil Code § 2923.7<br>5. Fraud<br>6. Negligent Misrepresentation<br>7. Breach of the Implied Covenant of Good Faith and Fair Dealing<br>8. Unfair Competition |
| 8.05.14 | 56 | Third Amended Complaint | 1. Violation of California Civil Code § 2924g<br>2. Violation of California Civil Code § 2923.7<br>3. Fraud<br>4. Unfair Competition |

**II.**

This court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1332. The court has supplemental jurisdiction over the pendant state law claims pursuant to 28 U.S.C. § 1367. The parties further consented to the jurisdiction of the undersigned magistrate judge under 28 U.S.C. §636(c) and Fed. R. Civ. P. 72(a).

As a preliminary matter, BANA requests judicial notice of several documents, including various deeds of trust, notices of default, and notices of trustee's sale.[4] The court may take judicial notice of a "fact that is not subject to reasonable dispute because it is generally known" or "can be

---

[3] *See* Docket No. 55 at 2-8.

[4] *See* Docket No. 58.

2

Case No. 5:14-cv-00120-PSG
ORDER GRANTING MOTION TO DISMISS

accurately and readily determined from sources whose accuracy cannot reasonably be questioned."[5] Because these documents are in the public record and are not subject to reasonable dispute, the court takes judicial notice of them.

At this stage of the case, the court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party.[6] The court's review is limited to the face of the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice.[7] However, the court need not accept as true allegations that are conclusory, unwarranted deductions of fact, or unreasonable inferences.[8]

### III.

Under Fed. R. Civ. P. 12(b)(6), "dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[9] If a plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face," the complaint may be dismissed for failure to state a claim upon which relief may be granted.[10] A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[11] Against these standards, neither of Ha's two claims against BANA—fraud and unfair business practices—pass muster.

*First,* Ha renews her fraud claim against BANA. She claims that "beginning in or around September 2008 and continuing through February 2012, [BANA] made several misrepresentations

---

[5] Fed. R. Evid. 201(b).

[6] *See Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).

[7] *See id.*

[8] *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see also Twombly*, 550 U.S. at 561 ("a wholly conclusory statement of [a] claim" will not survive a motion to dismiss).

[9] *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

[10] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

3
Case No. 5:14-cv-00120-PSG
ORDER GRANTING MOTION TO DISMISS

through various representatives, including, but not limited to, an individual who identified herself, in-person, only as Alise and who identified herself as a [BANA] employee with the Customer Assistance Center in August 2011."[12]

Ha's fraud claim appears to have a statute of limitations problem. Fraud claims are subject to a three-year statute of limitations.[13] While it may not have been clear to Ha that she had the makings of a lawsuit beginning in 2008, at the very least, she would have been on notice by May 1, 2009 when BANA recorded a notice of default against her property.[14] Even calculating from that later date, Ha would have had to bring her fraud claim by April 30, 2012 in order for her claim to be timely. She instead filed this case on January 8, 2014 and brought her fraud claim for the first time on April 29, 2014, missing the mark by nearly two years.

But even if Ha's fraud claim had been brought in a timely manner, her claim would still not pass muster under Rule 9(b)'s heightened pleading standard. "Under California law, the indispensable elements of a fraud claim include a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages."[15] The Ninth Circuit requires that "the pleader . . . state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation" in order to allege a claim.[16] Even though the court held Ha's fraud allegations insufficiently pleaded in her SAC, she does not appear to have remedied the

---

[12] *See* Docket No. 56 at ¶ 47.

[13] *See* Cal. Code Civ. Proc. § 338(d).

[14] *See* Docket No. 58 at Exh. B.

[15] *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105 (9th Cir. 2003) (layered quotations and citations omitted).

[16] *Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 1986) (citing *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985)).

problem. Ha has stated what she alleges the false representation to be,[17] but she has failed to allege with any particularity that these various employees knew that their representation was false or that they intended to mislead her. And as to justifiable reliance, Ha claims that she relied on Alise's statements counseling her to continue defaulting on her loans, but in fact, Ha had defaulted on her payments long before Alise or any other BANA representative advised her against reinstating her loan.[18]

But all else aside, Ha has failed to allege any tangible damages to satisfy a fraud claim.[19] In her complaint, she alleges "damage to her credit, excessive late fees and charges, loss of a permanent loan modification and the imminent loss of her Property."[20] The damage to Ha's credit is speculative at best. As pleaded, any late fees and charges were incurred as a result of her own failure to make mortgage payments—not as a result of any fraudulent behavior on the part of BANA. Similarly, the loss of a loan modification cannot be alleged as fraud-based damages because BANA is not required to approve a loan modification.[21] The imminent loss of her property also is not a tangible harm. In fact, while a sale date was previously set, it was postponed indefinitely, and there is no indication that BANA intends to reinstate the sale. Ha still alleges that she is the owner of her property.[22] She cannot simultaneously allege that she owns it and that its imminent loss has damaged her.

---

[17] "[I]t was [BANA's] policy not to initiate foreclosure proceedings against any borrowers as long as they were in the process of applying for a loan modification or were being reviewed for a loan modification." Docket No. 56 at ¶ 47.

[18] Ha defaulted on her payments beginning on June 1, 2008, several months before she contacted BANA (September 2008). *See* Docket No. 58 at Exh. B.

[19] *See* Cal. Civ. Code § 1709; *Fladeboe v. Am. Isuzu Motors, Inc.*, 150 Cal. App. 4th 42, 66 (2007).

[20] Docket No. 56 at ¶ 51.

[21] *See Mabry v. Superior Court*, 185 Cal. App. 4th 208, 214 (2010).

[22] *See* Docket No. 56 at ¶ 4.

5
Case No. 5:14-cv-00120-PSG
ORDER GRANTING MOTION TO DISMISS

*Second,* Ha brings an unfair business practices claim under California's unfair competition law. Ha alleges that BANA's "inducement of [her] detrimental reliance through false promises constitutes unlawful business practices under [the UCL]."[23] In order for a plaintiff to establish standing under the UCL, she must allege an "injury in fact" and that she has "lost money or property as a result of such unfair competitions."[24] As discussed above, Ha has failed to establish sufficient injury in her complaint. While she alleges damages in the form of "attorneys' fees and costs to save her home, the loss of her home if it is sold, a loss of reputation and goodwill, destruction of credit, severe emotional distress, loss of appetite, frustration, fear, anger, helplessness, nervousness, anxiety, sleeplessness, sadness, and depression,"[25] none of these constitute damages under the UCL.[26] She has not lost her property and she fails to particularize any monetary loss to render it more than mere speculation.

But even if Ha could establish standing, she has failed to allege any unlawful, unfair or fraudulent predicate acts upon which a claim might be grounded. The UCL prohibits unfair competition, including, inter alia, "any unlawful, unfair or fraudulent business act."[27] The only predicate claim that Ha has alleged—her fraud claim—has already failed, dooming her UCL claim as well.

---

[23] *See id.* at ¶ 59.

[24] Bus. & Prof. Code § 17204.

[25] Docket No. 56 at ¶ 60.

[26] *See Cordon v. Wachovia Mortg.*, 776 F. Supp. 2d 1029, 1039 (N.D. Cal. 2011) (finding that incurring attorney's fees is insufficient to substantiate a UCL claim because otherwise "a private plaintiff bringing a UCL claim automatically would have standing merely by filing suit"); *see also Jenkins v. JPMorgan Chase Bank, N.A.*, 216 Cal. App. 4th 497, 523 (2013) (finding lack of standing under UCL where a plaintiff cannot attribute alleged harm to the wrongful actions of a defendant).

[27] Cal. Bus. & Prof. Code § 17200.

IV.

Dismissal without leave to amend is only appropriate if it is clear that the complaint could not be saved by amendment such as after a plaintiff's "repeated failure to cure deficiencies by amendments previously allowed."[28]  Because Ha already has amended her complaint three times, the court is persuaded that further amendment to these claims would be futile such that leave to amend is not warranted.  BANA thus is dismissed from the case.

No later than 14 days from this order, Ha and the remaining defendants shall report on the status of Ha's loan modification application and the need for a continuing stay.

**SO ORDERED.**

Dated: December 8, 2014

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[28] *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).